1  XAVIER BECERRA
   Attorney General of California
2  MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General
3  ERIC J. CHANG
   Deputy Attorney General
4  State Bar No. 317165
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3567
6    Fax:  (415) 703-5843
     E-mail:  Eric.Chang@doj.ca.gov
7  *Attorneys for Defendant*
   *C. Tanori, J. Ramirez, E. Beam, and R. Ferrari*
8
                   IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

12

13  **GARY RAYMOND XAVIER,**          4:19-cv-05587-JSW

14                        Plaintiff,  **DEFENDANTS' MOTION FOR PARTIAL
                                      SUMMARY JUDGMENT**
15          v.

16                                    Judge:       The Honorable Jeffrey S. White
    **TANORI, et al.**                Action Filed:  11/12/2019
17
                        Defendants.
18

19

20

21

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

INTRODUCTION ............................................................................................................... 1

ISSUES PRESENTED ........................................................................................................ 2

STATEMENT OF FACTS .................................................................................................. 3

I.     The Parties. ........................................................................................................ 3

II.    August 30, 2017 Incident. .................................................................................. 3

III.   Plaintiff Failed to Exhaust Available Administrative Remedies For His
Claims Against Defendants Beam and Ramirez. .............................................. 4

      A.   The Administrative Appeal Process for Inmates in California .................. 4

      B.   Plaintiff's Two Grievances Against Defendant Ramirez Do Not
Exhaust Plaintiff's Administrative Remedies ......................................... 5

           1.   Plaintiff's first grievance against Defendant Ramirez does
not raise any of the same claims that Plaintiff now brings
and it was not exhausted because it was canceled for
exceeding time limits. ..................................................................... 5

           2.   Plaintiff's second grievance against Defendant Ramirez
does not raise any claims that Plaintiff now brings because it
was only a collateral grievance regarding the cancellation of
the first one. ................................................................................... 6

      C.   Plaintiff's Two Grievances Against Defendant Beam. ............................. 7

           1.   Plaintiff's first grievance against Defendant Beam does not
raise any of the same claims that Plaintiff now brings. .................. 7

           2.   Plaintiff's second grievance against Defendant Beam does
not raise any claims that Plaintiff now brings because it was
only a collateral grievance regarding the cancellation of the
first one. ......................................................................................... 7

LEGAL STANDARD FOR SUMMARY JUDGMENT ...................................................... 8

ARGUMENT ..................................................................................................................... 9

I.     The Eleventh Amendment Bars All Claims Against Defendants in Their
Official Capacity. .............................................................................................. 9

II.    Plaintiff Did Not Properly Exhaust All Available Administrative Remedies
Before Filing Suit Against Defendants Ramirez and Beam. .............................. 9

      A.   Legal Standard for Exhaustion. .............................................................. 9

      B.   Plaintiff Did Not Put Prison Officials On Notice of His Claims
Against Defendants Ramirez or Beam. ................................................. 10

           1.   Plaintiff's grievances against Defendant Ramirez are about
an allegedly false statement and not about the Eighth
Amendment claims that he brings in this present action. ............. 10

i

**TABLE OF CONTENTS**
(continued)

Page

2.      Plaintiff's grievances against Defendant Beam are also
        about an allegedly false statement and not about the Eighth
        Amendment claims that he brings in this present action. ............ 11

III.   Defendants Beam and Ramirez Did Not Use Excessive Force and Plaintiff
       Does Not Claim Otherwise. ................................................................. 12

IV.    Defendant Ferrari Implemented Decontamination Procedures and Plaintiff
       Had Access to Decontamination, Therefore, Defendant Ferrari was Not
       Deliberately Indifferent to Plaintiff's Serious Medical Needs........................... 13

V.     Defendant Ferrari is Entitled to Qualified Immunity. ........................................ 15

       A.     The Qualified Immunity Standard. ........................................... 15

       B.     Defendant Ferrari is Entitled to Qualified Immunity Because It
              Would Not Have Been Clear to a Reasonable Nurse that
              Defendant's Conduct Was Unlawful Under the Circumstances.............. 15

CONCLUSION ................................................................................................. 15

ii

Defs' Not. of Mot. & Mot. For Summ. J.; Memo of Ps&As   (4:19-cv-05587-JSW))

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alabama v. Pugh*
  438 U.S. 781 (1978) (per curiam) .......................................................... 9

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986).............................................................................. 8

*Burns v. Reed*
  500 U.S. 478 (1991)............................................................................ 15

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986).............................................................................. 8

*City of Pomona v. SQM N. Am. Corp.*
  750 F.3d 1036 (9th Cir. 2014) ............................................................... 8

*Estelle v. Gamble*
  429 U.S. 97 (1976) ............................................................................. 13

*Gregg v. Georgia*
  428 U.S. 153 (1976)............................................................................ 13

*Griffin v. Arpaio*
  557 F.3d 1117 (9th Cir. 2009) ......................................................... 9, 10

*Hamby v. Hammond*
  821 F. 3d 1085 (9th Cir. 2016) ........................................................... 13

*Harlow v. Fitzgerald*
  457 U.S. 800 (1982)............................................................................ 15

*Hudson v. McMillian*
  503 U.S. 1 (1992) ............................................................................... 12

*Jett v. Penner*
  439 F.3d 1091 (9th Cir. 2006) ............................................................ 13

*Jones v. Bock*
  549 U.S. 199 (2007) ........................................................................... 10

*Keenan v. Allan*
  91 F.3d 1275 (9th Cir. 1996) ................................................................ 8

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Marella v. Terhune*
  568 F.3d 1024 (9th Cir. 2009) ........................................................................... 10

*McGuckin v. Smith*
  974 F. 2d 1050 (9th Cir. 1992) ........................................................................... 13

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*
  210 F.3d 1099 (9th Cir. 2000) ............................................................................. 8

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984).............................................................................................. 9

*Porter v. Nussle*
  534 U.S. 516 (2002) ............................................................................................ 9

*Sapp v. Kimbrell*
  623 F.3d 813 (9th Cir. 2010.) ........................................................................... 10

*Saucier v. Katz*
  533 U.S.S 194, 201-02 (2001) ........................................................................... 15

*Will v. Michigan Dep't of State Police*
  491 U.S. 58 (1989).............................................................................................. 9

*Woodford v. Ngo*
  548 U.S. 81 (2006).............................................................................................. 9

**STATUTES**

United States Code, Title 42
  § 1983.............................................................................................................. 1, 9
  § 1997e(a)........................................................................................................... 9

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Eighth Amendment ..................................................................................... *passim*
  Eleventh Amendment...................................................................................1, 2, 9

**COURT RULES**

Federal Rules of Civil Procedure
  Rule 56 ............................................................................................................... 1
  Rule 56(a) ........................................................................................................... 8

iv

Defs' Not. of Mot. & Mot. For Summ. J.; Memo of Ps&As   (4:19-cv-05587-JSW))

1

## TABLE OF AUTHORITIES
**(continued)**

2

**Page**

3

**OTHER AUTHORITIES**

4

California Code of Regular, Title 15

5

§ 3084.1(a)...........................................................................................................4

§ 3084.1(b) ..........................................................................................................5

6

§ 3084.2(a)...........................................................................................................4

§ 3084.2(a)-(c)......................................................................................................4

7

§ 3084.7(d)(3).......................................................................................................5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

v

Defs' Not. of Mot. & Mot. For Summ. J.; Memo of Ps&As   (4:19-cv-05587-JSW))

**TO PLAINTIFF GARY R XAVIER (J-20637), IN PRO SE:**

**PLEASE TAKE NOTICE** that Defendants move this Court for partial summary judgment under Federal Rule of Civil Procedure 56. Summary judgment should be granted for the Defendants because the Eleventh Amendment bars all claims against Defendants in their official capacities. Further, Plaintiff failed to exhaust his administrative remedies against Defendants Ramirez and Beam. Additionally, Plaintiff's own testimony states that Defendants Ramirez and Beam did not use excessive force, and Defendant Ferrari did not act with deliberate indifference. Lastly, Defendant Ferrari is entitled to qualified immunity because a reasonable nurse in her position would not have known that her actions could have violated Plaintiff's constitutional rights.

Defendants' motion is based on the notice of motion, the memorandum of points and authorities, the *Rand* notice, the declarations and exhibits cited in the memorandum of points and authorities, the pleadings and records on file in this action, and any such other matters as may properly come before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Gary R. Xavier, a state-prison inmate, filed this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights at Salinas Valley State Prison when he first arrived to the institution. This Court's screening order found cognizable claims that Defendants Tanori, Ramirez, and Beam used excessive force when Defendant Tanori used Oleoresin Capsicum (O.C.) pepper spray; that Defendants Tanori, Ramirez, and Beam failed to intervene and protect Plaintiff from the use of the O.C. spray; and that Defendant Ferrari was deliberately indifferent to Plaintiff's medical needs after she failed to grant his request to shower

Defendants now move for partial summary judgment. While the material facts leading up to and during Defendant Tanori's use of O.C. pepper spray are disputed by the parties, the undisputed evidence shows that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. The undisputed facts also show that Plaintiff failed to exhaust his administrative remedies against Defendants Beam and Ramirez. The undisputed facts

1

further show that Defendants Beam and Ramirez did not use excessive force against Plaintiff. And Plaintiff's deliberate-indifference claims against Defendant Ferrari necessarily fail because Defendant Ferrari attempted to assist Plaintiff with decontamination, and her conduct was supported by her supervisor and the CDCR's California Department of Corrections and Rehabilitation's Department Operation Manual (DOM). Lastly, Defendant Ferrari is entitled to qualified immunity. Therefore, Defendants' motion for partial summary judgment should be granted.

## ISSUES PRESENTED

1. The Eleventh Amendment bars all claims for damages against prison officials in their official capacity. Should all official capacity claims for damages against Defendants be dismissed?

2. The PLRA requires prisoners to properly exhaust administrative remedies before filing suit. Here, Plaintiff failed to comply with the administrative guidelines and procedural rules codified in Title 15 of the California Code of Regulations as to Defendants Beam and Ramirez, despite being familiar with the inmate appeal process. While Plaintiff did use the inmate appeal process to grieve issues against Defendants Beam and Ramirez, the issues grieved were different than the claims that Plaintiff now brings against those Defendants. Further, the grievance against Defendant Ramirez was never adjudicated at the third and final level of appeal because Plaintiff failed to appeal the grievance in a timely manner. Are Defendants Beam and Ramirez entitled to summary judgment because Plaintiff failed to properly exhaust all available administrative remedies before he filed his lawsuit against them?

3. This Court's screening order found that Plaintiff stated cognizable claims against Defendants Tanori, Ramirez, and Beam for using excessive force in violation of the Eighth Amendment. But Plaintiff's own testimony shows that Defendants Ramirez and Beam did not use excessive force. Are Defendants Ramirez and Beam entitled to summary judgment as to the excessive force claims against them?

4. Plaintiff claims that after being pepper sprayed, he requested to use a shower to decontaminate, but Defendant Ferrari did not grant his request. But Plaintiff admits that he had

2

access to a sink with running water, and that he used the sink to decontaminate himself. Further, Defendant Ferrari provided a cup and decontamination instructions to Plaintiff and her conduct was supported by the California Department of Corrections and Rehabilitation's Department Operation Manual (DOM), and she sought the advice of a senior nurse who confirmed her conduct. Should summary judgment be granted for Defendant Ferrari on Plaintiff's claim that she violated his Eighth Amendment rights?

5.    Government officials are entitled to qualified immunity for damages liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Even if Defendant Ferrari's conduct was somehow unlawful, Defendant Ferrari's conduct was in accordance with CDCR's DOM and the advice of a senior nurse. Is Defendant Ferrari entitled to qualified immunity on Plaintiff's claims that Defendant Ferrari violated his Eighth Amendment rights?

## STATEMENT OF FACTS

### I.    THE PARTIES.

Plaintiff Gary Xavier is presently incarcerated at California State Prison, Los Angeles County. (ECF No. 1, p. 7.) The incident that gives rise to this action took place at Salinas Valley State Prison on August 30, 2017, where Plaintiff was previously incarcerated. (*Id.*)

Defendant C. Tanori and J. Ramirez are correctional officers at Salinas Valley State Prison. Defendant E. Beam is a correctional lieutenant at Salinas Valley State Prison. (*Id.*; ECF No 19, p. 4.) Nurse R. Ferrari is a registered nurse at Salinas Valley State Prison. (*Id.*)

### II.    AUGUST 30, 2017 INCIDENT.

On August 30, 2017, Plaintiff was transferred to Salinas Valley State Prison from California State Prison, Sacramento. (ECF No. 1, p. 8.) Upon arrival, Plaintiff was kept in a single person holding cell to await the issuance of his property and assignment to his designated housing cell. (*Id.*)

Defendant Tanori used his O.C. pepper spray on Plaintiff on August 30, 2017 because of a perceived threat while Plaintiff spit and threw objects at the Defendants. (ECF No. 19, p. 5-6; Moseley Decl. Exh. 2, p. 10, 13-14, 18.) Neither Defendant Ramirez nor Beam used O.C. pepper

3

spray or any other force against Plaintiff.  (Moseley Decl. Exh. 2, p. 10, 13-14, 18; Xavier Depo

Tr. 71:18-73:23).  Plaintiff does not allege otherwise. *(See generally,* ECF No. 1, p. 10-12.)

After Plaintiff was sprayed with O.C. pepper spray, the exhaust fan in the Receiving and

Release Facility was turned on.  (*See* Xavier Depo. Tr. 84:1-85:6.)  Afterwards, Defendant

Ferrari, a registered nurse, approached Plaintiff's holding cell.  (*See* Ferrari Decl. ¶¶ 6-7; Xavier

Depo. Tr. 102:6-103:16.)  Defendant Ferrari asked Plaintiff about his injuries and observed that

the holding cell had a sink with running water.  (*See* Ferrari Decl. ¶¶ 7-8; Xavier Depo. Tr. 70:22-

71:12.)  Defendant Ferrari advised Plaintiff to use the sink to decontaminate.  (*See* Ferrari Decl. ¶

8.)  After Plaintiff responded that the sink was not sufficient for decontamination, Defendant

Ferrari left Receiving and Release and spoke to Supervising Registered Nurse A. Halstead.  (*See*

Ferrari Decl. ¶¶ 8-9; Halstead Decl. ¶¶ 6-9.)  A. Halstead confirmed that as long as Plaintiff had

access to running water, further action was unnecessary.  (*See* Ferrari Decl. ¶ 9; Halstead Decl. ¶¶

6-9.)

Defendant Ferrari returned to Receiving and Release and observed Plaintiff still using the

water faucet to clean himself.  (*See* Ferrari Decl. ¶ 10-11; Xavier Depo. Tr. 102:6-103:16)

Defendant Ferrari continued to advise Plaintiff to use the water faucet in his holding cell.  (*See*

Ferrari Decl. ¶ 10-12.)  Later, Defendant Ferrari recorded Plaintiff's statement on a CDCR Form

7219.  (*See* Ferrari Decl. ¶¶ 15-16.)

### III.   PLAINTIFF FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES FOR HIS CLAIMS AGAINST DEFENDANTS BEAM AND RAMIREZ.

#### A.    The Administrative Appeal Process for Inmates in California.

Under title 15, section 3084.1(a), of the California Code of Regulations, an inmate may

appeal any departmental decision, action, condition, or policy that has a material adverse effect on

the inmate's health, safety, or welfare.  Cal. Code Regs., tit. 15 § 3084.1(a).  Under those

regulations, to initiate the grievance process, the inmate must first submit an Inmate/Parolee

Appeal Form, commonly known as a 602 inmate grievance, within thirty calendar days of the

event or decision being appealed.  Cal. Code Regs., tit. 15, § 3084.2(a)-(c).  (*Id.* ¶¶ 2-3.)  The

grievance must describe both the issue and the requested action.  Cal. Code Regs., tit. 15, §

4

1    3084.2(a).  The inmate must also include "all facts known and available to him regarding the

2    issue being appealed."  *Id.*, § 3084.2(a)(4).

3        The grievance process during the relevant period in this lawsuit consisted of three formal

4    levels of appeal: (1) the first formal level of review by the relevant institution's division head; (2)

5    second-level review by the institution head or designee; and (3) a third-level review, also known

6    as the Director's Level Review.  *Id.*, §§ 3084.7, 3084.8. A substantive decision on a grievance at

7    the third level exhausts CDCR's administrative remedies.  Cal. Code Regs., tit. 15, §§ 3084.1(b)

8    and 3084.7(d)(3).  (*Id.*)  Failure to pursue a grievance through the third level constitutes a failure

9    to exhaust, *id.* § 3084.7(d)(3), unless the issue under appeal was resolved at the lower levels of

10   review, *id*. § 3084.6(c)(11).  (*Id.*)  A cancelled or rejected grievance does not exhaust

11   administrative remedies. Cal. Code Regs., tit. 15. at § 3084.1(b).

12       **B.    Plaintiff's Two Grievances Against Defendant Ramirez Do Not Exhaust
              Plaintiff's Administrative Remedies.**

13

14       Plaintiff is familiar with Title 15 and the grievance process. (Xavier Depo. Tr. 67:2 ("I read

15   Title 15."); 117:6-118:6.)  In fact, Plaintiff has submitted 57 non-medical grievances[1] and 54

16   medical grievances to the third level of appeal since 2008 that originated from Salinas Valley

17   State Prison.  (*See* Moseley Decl. Exhibit 1; Gates Decl. Exhibits A, B.)  Only eight of these

18   grievances have any relation at all to the events at issue in this case. (Moseley Decl. Exhibit 1;

19   ¶¶8, 9(a)-(e).)  Two of those eight grievances are regarding Defendant Ramirez.  (Moseley Decl.,

20   ¶¶9(d), 9(d)(i); Xavier Depo. Tr. 124:7-19; 125:15-126:6; Exhibits E-F.)  But neither grievance

21   exhausts Plaintiff's administrative remedies as to his claims against Defendant Ramirez in this

22   case.

23       **1.    Plaintiff's first grievance against Defendant Ramirez does not raise
                any of the same claims that Plaintiff now brings and it was not
                exhausted because it was canceled for exceeding time limits.**

24

25   The first relevant grievance is SVSP-18-01575, and it was cancelled at the third level.

26   (Moseley Decl., ¶¶9(d), 9(d)(i); Exhibit 7; *see also* Moseley Decl. Exhibit 8.)  Cancelled

27   grievances do not exhaust administrative remedies.  Cal. Code Regs., tit. 15. at § 3084.1(b).

28   _____
        [1] 26 of the 57 grievances were screened out and include duplicate resubmissions.

5

1     ///

2              Specifically, Plaintiff submitted SVSP-18-01575 against Defendant Ramirez, which was

3     received on March 12, 2018.  (Moseley Decl., ¶ 9(d); Exhibit 7.)  This grievance alleged that

4     Defendant Ramirez committed a felony by filing a false statement in connection with incident

5     report SVSP-CEN-17-08-0576 regarding the August 30, 2017 incident at issue.  (Moseley Decl.,

6     ¶ 9(d); Exhibit 7, p. 1-7)  This grievance requested an investigation into Defendant Ramirez's

7     false allegations, that Defendant Ramirez be ordered to submit to a polygraph test, and that

8     Defendant Ramirez be referred to the Monterey County District Attorney's Office for prosecution

9     due to his false incident report.  (*Id*.)

10             But SVSP-18-01575 does not actually contain allegations related to the incident at issue in

11    this action.  There is no mention of Defendant Ramirez's alleged failure to intervene or alleged

12    failure to protect Plaintiff from harm.  (*Id*.) There is no mention of Defendant Ramirez's alleged

13    deliberate indifference or disregard to Plaintiff's rights.  (*Id*.)  In fact, there is no mention of any

14    of the claims brought against Defendant Ramirez in this present action.  SVSP-18-01575 refers

15    solely to Defendant Ramirez's alleged action of submitting a false incident report.  (*Id*.)

16             SVSP-18-01575 bypassed the first level of review and the second level of review denied

17    Plaintiff's grievance on March 30, 2018.  (Moseley Decl., ¶ 9(d); Exhibit 7, p. 2-4.) Plaintiff

18    submitted SVSP-18-01575 to the third level of review on May 8, 2018.  (Moseley Decl., ¶ 9(d);

19    Exhibit 7, p. 1.)  The Office of Appeals canceled the grievance for being late.  (*Id*.)  A cancelled

20    grievance does not exhaust administrative remedies. Cal. Code Regs., tit. 15. at § 3084.1(b).

21                     **2.      Plaintiff's second grievance against Defendant Ramirez does not**
                              **raise any claims that Plaintiff now brings because it was only a**
22                            **collateral grievance regarding the cancellation of the first one.**

23             The second grievance that relates to Defendant Ramirez is OOA-18-06281. (Moseley Decl.,

24    ¶9(d)(i); Exhibit 8.)  OOA-18-06281 is a grievance requesting that the cancellation of SVSP-18-

25    01575 be overturned.  (Moseley Decl., ¶9(d)(i).)  OOA-18-06281 raises no new additional claims

26    and likewise, there is no mention of any claims that Defendant Ramirez violated Plaintiff's Eighth

27    Amendment rights through excessive force or deliberate indifference. (Moseley Decl., ¶9(d)(i);

28

1    Moseley Decl. Exhibit 8.)  OOA-18-06281 was denied and the underlying appeal, SVSP-18-

2    01575, remains cancelled.  (Moseley Decl., ¶¶ 9(d), 9(d)(i); Exhibit 7; Exhibit 8.)

3        **C.    Plaintiff's Two Grievances Against Defendant Beam.**

4        Out of the eight grievances that have any relation to the events at issue in this case, only

5    two of those eight grievances refer to Defendant Beam.  (Moseley Decl., ¶¶ 9(c)-(c)(i); Xavier

6    Depo. Tr. 126:7-127:11; Exhibit G)  But again, neither grievance exhausts Plaintiff's

7    administrative remedies in this case.

8               **1.    Plaintiff's first grievance against Defendant Beam does not raise any**
                 **of the same claims that Plaintiff now brings.**
9

10       Plaintiff filed SVSP-18-01315 against Defendant Beam.  (Moseley Decl., ¶ 9(c).)  This

11   grievance alleged that Defendant Beam committed a felony by filing a false statement in

12   connection with incident report SVSP-CEN-17-08-0576 regarding the August 30, 2017 incident

13   at issue.  (Moseley Decl., ¶ 9(c); Exhibit 5, p. 1-8.)  This grievance requested an investigation into

14   Defendant Beam's false allegations, that Defendant Beam be ordered to submit to a polygraph

15   test, and that Defendant Beam be referred to the Monterey County District Attorney's Office for

16   prosecution due to his false incident report.  (*Id.*)

17       Nothing in SVSP-18-01315 relates to the incident at issue in this action.  There is no

18   mention of Defendant Beam's alleged failure to intervene or alleged failure to protect Plaintiff

19   from harm.  (*Id.*)  There is no mention of Defendant Beam's alleged deliberate indifference or

20   disregard of Plaintiff's rights.  There is no mention of any of the claims brought against

21   Defendant Beam in this present action.  (*Id.*)  SVSP-18-01315 refers solely refers to Defendant

22   Beam's action of submitting an allegedly false incident report. (*Id.*)

23               **2.    Plaintiff's second grievance against Defendant Beam does not raise**
                 **any claims that Plaintiff now brings because it was only a collateral**
24               **grievance regarding the cancellation of the first one.**

25       Plaintiff's second grievance regarding Defendant Beam is OOA-18-06274.  (Moseley

26   Decl., ¶ 9(c)(i); Exhibit 6.)  But OOA-18-06274 is a grievance requesting that the cancellation of

27   SVSP-18-01315 be overturned. (Moseley Decl., ¶9(c)(i).)  OOA-18-06281 raises no new

28   additional claims and likewise, there is no mention of any claims alleging that Defendant Beam

7

1  violated Plaintiff's Eighth Amendment rights through excessive force or deliberate indifference.

2  (Moseley Decl., ¶9(c)(i); Moseley Decl. Exhibit 6, p.1-3.)

3      OOA-18-06281 was granted and the underlying appeal, SVSP-18-01315, was screened in

4  for review by the third level. (Moseley Decl., ¶ 9(c).)  But as discussed above, SVSP-18-01315

5  does not mention the allegations made in this case.  (Moseley Decl., ¶ 9(c); Exhibit 5, p. 1-8.)

6  **LEGAL STANDARD FOR SUMMARY JUDGMENT**

7      "A party is entitled to summary judgment if the 'movant shows that there is no genuine

8  dispute as to any material fact and the movant is entitled to judgment as a matter of law." *City of*

9  *Pomona v. SQM N. Am. Corp*., 750 F.3d 1036, 1049 (9th Cir. 2014) (*quoting* Fed. R. Civ. P.

10  56(a)).  Material facts are those that may affect the outcome of the case.  *Anderson v. Liberty*

11  *Lobby, Inc*., 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists if there is

12  sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.* at 248–

13  49.

14      The party moving for summary judgment bears the initial burden of informing the court of

15  the basis for the motion, and identifying portions of the pleadings, depositions, answers to

16  interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of

17  material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

18  moving party must either produce evidence negating an essential element of the nonmoving

19  party's claim or defense or show that the nonmoving party does not have enough evidence of an

20  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*

21  *Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000).

22      If the moving party meets its initial burden, the burden shifts to the nonmoving party to

23  produce evidence supporting its claims or defenses.  *Id.* at 1103.  If the nonmoving party does not

24  produce evidence to show a genuine issue of material fact, the moving party is entitled to

25  summary judgment.  *Celotex*, 477 U.S. at 323.  It is not the task of the Court to search the record

26  for a genuine issue of triable fact.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

27  / / /

28  / / /

8

1    ///

2    ///

3                                    **ARGUMENT**

4    **I.    THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST DEFENDANTS IN THEIR**
         **OFFICIAL CAPACITY.**
5

6           Official-capacity claims for damages are barred by the Eleventh Amendment.  This

7    amendment serves as a jurisdictional bar to suits brought by private parties against a state in

8    federal court unless the state consents to such suits.  *See Alabama v. Pugh*, 438 U.S. 781, 782

9    (1978) (per curiam); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104

10   (1984).  Official-capacity claims against persons are merely another way of pleading an action

11   against the state itself.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Here, the

12   state has not consented to Plaintiff's lawsuit.  Accordingly, the Court should dismiss the official-

13   capacity claims against Defendants.

14   **II.   PLAINTIFF DID NOT PROPERLY EXHAUST ALL AVAILABLE ADMINISTRATIVE**
         **REMEDIES BEFORE FILING SUIT AGAINST DEFENDANTS RAMIREZ AND BEAM.**
15
            Plaintiff failed to exhaust his administrative remedies prior to filing suit against Defendants
16
     Ramirez and Beam.  For that reason, summary judgment should be granted in favor of Defendants
17
     Ramirez and Beam.
18
            **A.     Legal Standard for Exhaustion.**
19

20          The PLRA states that, "[n]o action shall be brought with respect to prison conditions under

21   section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

22   other correctional facility until such administrative remedies as are available are exhausted."  42

23   U.S.C. § 1997e(a).  This exhaustion requirement is mandatory and applies "to all inmate suits

24   about prison life, whether they involve general circumstances or particular episodes, and whether

25   they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

26          The PLRA requires "proper" exhaustion.  *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.

27   2009).  Proper exhaustion under the PLRA requires that an inmate comply with applicable

28   administrative guidelines and procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  This

                                                   9

1  means that prisoners must complete the administrative review process in accordance with the

2  applicable procedural rules that are defined by the prison appeal process itself and not by the

3  PLRA. *See Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Marella v. Terhune*, 568 F.3d

4  1024, 1027 (9th Cir. 2009) (the California prison system's requirements define the boundaries of

5  proper exhaustion).  For California state prison inmates, these procedural rules are codified in

6  Title 15 of the California Code of Regulations.

7      An inmate grievance, moreover, must contain at least enough factual specificity to put the

8  prison on notice of the nature of the wrong for which the prisoner seeks redress.  *Griffin v.*

9  *Arpaio*, 557 F.3d 1117, 1120 (9th Cir 2009).  A grievance that fails to set out the facts of the

10  claims upon which the prisoner later sues does not put the prison on notice of the nature of the

11  wrong and, for that reason, does not exhaust the prisoner's available administrative remedies.  *Id.*;

12  *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010.)  The grievance must "provide the level of

13  detail required by the prison's regulations."  *Sapp*, 623 F.3d at 824 (citing *Jones*, 549 U.S. at

14  218).

15      **B.   Plaintiff Did Not Put Prison Officials On Notice of His Claims Against**
        **Defendants Ramirez or Beam.**
16

17      Even though Plaintiff has submitted 57 non-medical grievances[2] and 54 medical grievances

18  from the time he has been housed at Salinas Valley State Prison, none of these grievances exhaust

19  Plaintiff's administrative remedies for the claims made in this case.  (*See* Moseley Decl. Exhibit

20  1; Gates Decl. Exhibits A, B.)

21      **1.   Plaintiff's grievances against Defendant Ramirez are about an**
            **allegedly false statement and not about the Eighth Amendment**
22           **claims that he brings in this present action.**

23      Plaintiff filed two grievances—SVSP-18-01575 and OOA-18-06281—regarding Defendant

24  Ramirez.  (Moseley Decl. Exhibits 7, 8.)  OOA-18-06281 is a collateral attack on the cancellation

25  of SVSP-18-01575 and does not have any substantive claims.  (Moseley Decl., ¶9(d)(i).)

26      SVSP-18-01575 is a grievance regarding the alleged submission of false information by

27  Defendant Ramirez.  (Moseley Decl., ¶¶9(d); Exhibit 7, p. 1-7.)  Nothing in SVSP-18-01575

28      ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
        [2] 26 of the 57 grievances were screened out and include duplicate resubmissions.

1    relates to the incident at issue in this action.  (*Id.*)  Instead, SVSP-18-01575 refers solely to

2    Defendant Ramirez's action of submitting an allegedly false incident report.  (*Id.*)

3          SVSP-18-01575 bypassed the first level of review and the second level denied Plaintiff's

4    grievance.  (Moseley Decl., ¶¶9(d); Exhibit 7, p. 1-7.)  Plaintiff submitted SVSP-18-01575 to the

5    third level of review on May 8, 2018.  (*Id.*) The Office of Appeals canceled the grievance for

6    being late.[3]  (*Id.*)  Cancelled grievances do not exhaust administrative remedies. Cal. Code Regs.,

7    tit. 15. at § 3084.1(b).

8          Even if SVSP-18-01575 was not canceled, Plaintiff's grievances against Defendant

9    Ramirez are regarding the alleged submission of false information, and they do not have the same

10   subject nor the same request for relief as the instant action.  *See, e.g.*, *Morton*, 599 F.3d at 946;

11   *O'Guinn*, 502 F.3d at 1062-63.  Instead, SVSP-18-01575 attacks only the submission of allegedly

12   false information and not the underlying incident; OOA-18-06281 is only a collateral attack

13   regarding the cancellation of SVSP-18-01575 and does not have any substantive claims. (Moseley

14   Decl., ¶¶ 9(d), 9(d)(i).)  While these two grievances do refer to incident report SVSP-CEN-17-08-

15   0576, which is about the underlying August 30, 2017 incident, this would not put prison officials

16   on notice of Plaintiff's present Eighth Amendment claims against Defendant Ramirez.  At best,

17   prison officials would only know that the information submitted by Defendant Ramirez was

18   disputed, but not how nor to what extent.  It would not inform prison officials as to what conduct,

19   if any, Defendant Ramirez was responsible for regarding the August 30, 2017 incident, nor would

20   it inform prison officials of the relief requested.

21         Accordingly, Plaintiff's grievances did not properly exhaust Plaintiff's claims against

22   Defendant Ramirez.

23                  **2.      Plaintiff's grievances against Defendant Beam are also about an
                     allegedly false statement and not about the Eighth Amendment
24                   claims that he brings in this present action.**

25         Plaintiff also submitted two grievances—SVSP-18-01315 and OOA-18-06274—regarding

26

27         [3] On August 28, 2018, the Office of Appeals received OOA-18-06281 from Plaintiff,
     which requested an appeal of the cancellation.  (Moseley Decl., ¶9(d)(i); Moseley Decl. Exhibit
28   8.)  OOA-18-06281 was denied on November 27, 2018.  SVSP-18-01575 remains cancelled.
     (Moseley Decl., ¶ 9(d).)

1  Defendant Beam (Moseley Decl. ¶¶ 9(c)-(c)(i)).  But again, OOA-18-06274 is a collateral attack

2  on the cancellation of SVSP-18-01315 and does not have any substantive claims.  (Moseley

3  Decl., ¶9(c)(i).)

4      Moreover, similar to the grievance against Defendant Ramirez, SVSP-18-01315 alleged

5  that Defendant Beam committed a felony by filing a false statement in connection with incident

6  report SVSP-CEN-17-08-0576 regarding the August 30, 2017 incident at issue.  (Moseley Decl.,

7  ¶ 9(c); Exhibit 5, p. 1-8.)  Nothing in SVSP-18-01315 relates to the incident at issue in this action,

8  and SVSP-18-01315 solely refers to Defendant Beam's action of submitting an allegedly false

9  incident report.  (*Id*.)

10     Like the grievances against Defendant Ramirez, SVSP-18-01315 (and the related OOA-18-

11  06274) attacks only the submission of allegedly false information and not the underlying incident.

12  (Moseley Decl., ¶9(c).)  At best, prison officials would only know that the information submitted

13  by Defendant Beam was disputed, but not how nor to what extent.  It would not inform prison

14  officials as to what conduct, if any, Defendant Beam was responsible for regarding the underlying

15  August 30, 2017 incident.  It would not inform prison officials of the relief requested.

16     Accordingly, Plaintiff's grievances did not properly exhaust any of Plaintiff's Eighth

17  Amendment claims against Defendants Ramirez and Beam.

18  **III.   DEFENDANTS BEAM AND RAMIREZ DID NOT USE EXCESSIVE FORCE AND PLAINTIFF
         DOES NOT CLAIM OTHERWISE.**

19

20     This Court's Screening Order recognized Eighth Amendment claims against Defendants

21  Ramirez and Beam based on excessive force, as well as Eighth Amendment claims for failure to

22  intervene or otherwise protect Plaintiff from the use of that force. (ECF No. 9, p. 2.)  As discussed

23  above, none of these claims were exhausted.  But even if Plaintiff properly exhausted

24  administrative remedies, summary judgment should be granted in favor of Defendants Beam and

25  Ramirez as to the Eighth Amendment claims based on excessive force.

26     An Eighth Amendment violation may occur when prison officials maliciously and

27  sadistically use force to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Further, "[t]he

28  Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

12

Defs' Not. of Mot. & Mot. For Summ. J.; Memo of Ps&As   (4:19-cv-05587-JSW)

constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992),

(citation omitted).

Here, Defendants Ramirez and Beam did not use any force against Plaintiff.  Plaintiff

alleges only that Defendant Tanori used O.C. pepper spray against him.  (ECF No. 1, p. 10-12.)

Plaintiff alleges Defendants Ramirez and Beam failed to protect him, but he does not allege that

Defendants Ramirez or Beam used any excessive force.  (*Id*.; Xavier Depo Tr. 71:18-73:23.)

Summary judgment should therefore be granted in favor of Defendants Beam and Ramirez as to

the Eighth Amendment claims based on excessive force.

**IV.   DEFENDANT FERRARI IMPLEMENTED DECONTAMINATION PROCEDURES AND PLAINTIFF HAD ACCESS TO DECONTAMINATION, THEREFORE, DEFENDANT FERRARI WAS NOT DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS.**

Plaintiff claims that Defendant Ferrari violated his Eighth Amendment rights by being

deliberately indifferent to his serious medical needs.  (ECF No. 1, p. 10-13; ECF No. 9, p. 2.)

This claim necessarily fails because even if the O.C. pepper spray created a serious medical need,

Defendant Ferrari was not deliberately indifferent and Plaintiff was able to decontaminate.

A prison official's deliberate indifference to an inmate's serious medical needs constitutes

the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 171 (1976)).  "A

'serious' medical need exists if the failure to treat a prisoner's condition could result in further

significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.

2d  1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104).  "[T]o show deliberate

indifference, the plaintiff must show that the course of treatment . . . was medically unacceptable

under the circumstances and that the defendants chose this course in conscious disregard of an

excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F. 3d 1085, 1092 (9th Cir.

2016).  The delay of, or interference with, medical treatment can also amount to deliberate

indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  When a prisoner alleges

13

that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.  *See McGuckin*, 974 F. 2d at 1060.

/ / /

Here, Plaintiff alleges injury and conscious disregard by Defendant Ferrari because he claims that Defendant Ferrari did not grant him his request to use the shower in order to decontaminate from the pepper spray.  (ECF No. 1, p. 10-13; ECF No. 9, p. 2.)  But Plaintiff's allegations necessarily fail because Plaintiff had access to a sink in the holding cell and Defendant Ferrari also attempted to help Plaintiff decontaminate.  (Ferrari Decl. ¶¶ 7-10.)  More importantly, she sought guidance from a senior nurse, and her conduct was supported by the California Department of Corrections and Rehabilitation's Department Operation Manual (DOM) (Ferrari Decl. ¶ 9-10; Halstead Decl. ¶¶ 6-9.; RJN, Exhibit A.)

The evidence is undisputed that Plaintiff had access to a sink with running water in his holding cell at all times.  (Xavier Depo. Tr. 70:22-71:12; s*ee* Ferrari Decl. ¶¶ 7-8.)  Plaintiff's own testimony shows that he used the sink to decontaminate and that the exhaust in the Receiving and Release Facility was turned on after he was sprayed.  (Xavier Depo. Tr.71:18-72:9; 84:14-22; 88:16-90:7.)

Even if the sink and the exhaust in the Receiving and Release facility was insufficient, Plaintiff is still unable to show Defendant Ferrari acted with wanton disregard.  To the contrary, the evidence shows that Defendant Ferrari attempted to assist Plaintiff with decontamination.  (Ferrari Decl. ¶¶ 7-8.)  Defendant Ferrari provided Plaintiff with a cup to use with the sink and also provided decontamination instructions.  (Ferrari Decl. ¶¶ 7-10.)  More importantly, Defendant Ferrari also sought the counsel of a senior nurse and was told by Supervising Registered Nurse A. Halstead that the sink in the holding cell was sufficient for decontamination.  (Ferrari Decl. ¶ 9-10; Halstead Decl. ¶¶ 6-9.)  Indeed, Section 51020.15.5 of the California Department of Corrections and Rehabilitation's Department Operation Manual (DOM), entitled "Decontamination from Oleoresin Capsicum," clearly states, "Decontamination from OC may be accomplished by exposing the individual to fresh moving air, or flushing the affected body area with cool water, e.g., shower, sink water, or wet cloths and providing clean clothing."  (RJN,

14

1  Exhibit A.)   Plaintiff was clearly exposed to sink water and fresh moving air from the exhaust

2  fan.

3      Thus, Plaintiff received both fresh air and cool water decontamination in a timely manner.

4  Defendant Ferrari sought the advice of a supervisor and her conduct was in accordance with the

5  DOM. Defendant Ferrari was not deliberately indifferent to Plaintiff's serious medical needs.

6  **V.    DEFENDANT FERRARI IS ENTITLED TO QUALIFIED IMMUNITY.**

7      **A.    The Qualified Immunity Standard.**

8      The defense of qualified immunity protects "government officials . . .  from civil liability

9  for civil damages insofar as their conduct does not violate clearly established statutory or

10  constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

11  457 U.S. 800, 818 (1982).  The relevant, dispositive inquiry in determining whether a right is

12  clearly established is whether it would be clear to a reasonable officer that his conduct was

13  unlawful in the situation he confronted.  *Saucier v. Katz*, 533 U.S.S 194, 201-02 (2001).

14  Qualified immunity "provides ample protection to all but the plainly incompetent or those who

15  knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 495 (1991) (citation omitted).

16      **B.    Defendant Ferrari is Entitled to Qualified Immunity Because It Would Not
              Have Been Clear to a Reasonable Nurse that Defendant's Conduct Was**

17      **Unlawful Under the Circumstances.**

18      Even if this Court were to find that Defendant Ferrari violated Plaintiff's Eighth

19  Amendment rights, she is nonetheless entitled to qualified immunity.  It would not have been

20  clear to a reasonable nurse in Defendant Ferrari's position that her actions or inactions amounted

21  to a constitutional violation.  Plaintiff concedes that he had access to running water in his sink and

22  that the exhaust fan in the facility was turned on.  (Xavier Depo. Tr.71:18-72:9; 84:14-22; 88:16-

23  90:7.)  The evidence further shows that Defendant sought the advice of a senior nurse and that her

24  conduct comported with Section 51020.15.5 of the DOM.  (Ferrari Decl. ¶¶ 9-10; Halstead Decl.

25  ¶¶ 6-9.; RJN, Exhibit A.)

26      Under these circumstances, it would not have been clear to any reasonable nurse that her

27  conduct was unlawful and therefore, Defendant Ferrari is entitled to qualified immunity.

28

**CONCLUSION**

Due to the foregoing, Defendants' Partial Motion for Summary Judgment should be granted. Specifically, summary judgment should be granted for Defendants on all of Plaintiff's official-capacity claims. Summary judgment should also be granted for all claims against Defendants Ramirez and Beam based on Plaintiff's failure to exhaust administrative remedies. Even if Plaintiff's claims against Ramirez and Beam were exhausted, however, summary judgment should still be granted for Defendants Ramirez and Beam as to the Eighth Amendment claims based on excessive force because they did not use any force, and Plaintiff does not allege otherwise. Finally, summary judgment should be granted for all claims against Defendant Ferrari because she was not deliberately indifferent, and even if she was, she is entitled to qualified immunity because she was acting as a reasonable nurse in her position would have acted.

Dated: November 16, 2020                    Respectfully Submitted,

                                            XAVIER BECERRA
                                            Attorney General of California
                                            MARISA KIRSCHENBAUER
                                            Supervising Deputy Attorney General



                                            */s/ Eric J. Chang*
                                            ERIC J. CHANG
                                            Deputy Attorney General
                                            *Attorneys for Defendants*

SF2020200550
42429121.docx

# CERTIFICATE OF SERVICE

Case Name:  **Xavier, Gary R. v. C. Tanori, et al.**    No.  **4:19-cv-05587-JSW**

I hereby certify that on <u>November 16, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

2. **DEFENDANTS' *RAND* WARNING TO PLAINTIFF REGARDING OPPOSING SUMMARY JUDGMENT**

3. **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION SUMMARY JUDGMENT WITH EXHIBIT A**

4. **DECLARATION OF E. CHANG IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH EXHIBITS A, D TO H**

5. **DECLARATION OF R. FERARRI IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH EXHIBITS A TO D**

6. **DECLARATION OF S. GATES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH EXHIBITS A TO C**

7. **DECLARATION OF A. HALSTEAD IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

8. **DECLARATION OF HOWARD E. MOSELEY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH EXHIBITS 1 TO 9**

9. **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>November 16, 2020</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched

it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Gary Raymond Xavier, J20637**
California State Prison - Los Angeles County
P.O. Box 8457
Lancaster, CA  93539-8457
*In Pro Per*


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 16, 2020</u>, at San Francisco, California.


| R. Caoile | **/s/ R. Caoile** |
|---|---|
| Declarant | Signature |

SF2020200550
42429748.docx